IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G.P.P., INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-1270 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CHRISTOPHER SCHALL, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Defendant's Motion to Stay (Doc. 10) will be granted. This is the second of two cases filed in federal court regarding the same subject matter. *Compare* Compl. (Doc. 1) *with* compl. in Schall v. G.P.P., Inc., 2:13-cv-13517-GER-DRG (E. D. Mich. (Detroit)). The issues presented in the two cases are sufficiently similar that the "first-filed" rule applies. *See* EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) (rule "encourages sound judicial administration and promotes comity among federal courts of equal rank," and it allows court in second-filed suit to enjoin proceedings when same parties and issues already are before another district court) (citation to quoted source omitted). Although Plaintiff argues that Defendant's filing in Michigan constitutes an "improper anticipatory suit," *see* Doc. 12 at 10-13, Defendant has raised sufficient arguments to the contrary (*see* Doc. 13) that the issues properly should be resolved by the Michigan Court in the first instance.

Accordingly, Defendant's Motion to Stay (**Doc. 10**) is **GRANTED**, and this case is **STAYED** pending the Michigan Court's resolution of the motions before it. By separate order, this Court will administratively close this case, and it will remain administratively closed for the

duration of the stay.[1] As and when appropriate, either party may restore this action to the Court's active calendar upon application or by motion. *See* <u>In re Arbitration Between Philadelphia Elec. Co. v. Nuclear Elec. Ins., Ltd.</u>, 845 F. Supp. 1026, 1028 (S.D.N.Y. 1994) (holding same).

       IT IS OR ORDERED.

April 10, 2014                                                                       s\Cathy Bissoon
                                                                                         Cathy Bissoon
                                                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Administrative closings comprise a familiar way in which courts remove cases from their active files without final adjudication. <u>Penn West Assocs., Inc. v. Cohen</u>, 371 F.3d 118, 127 (3d Cir. 2004) (citation and internal quotations omitted). Administrative closure is a docket control device used by the Court for statistical purposes, and it does not prejudice the rights of the parties in any manner. <u>Honig v. Comcast of Georgia I, LLC</u>, 537 F. Supp.2d 1277, 1290 n.8 (N.D. Ga. 2008).